**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian Pimm, | ) | Case No. C1-05-019 |
| | ) | |
| Defendant. | ) | |

In accordance with Rule 32(h) of the Federal Rules of Criminal Procedure, the Court informs the parties that it is contemplating an upward departure from the advisory Sentencing Guideline range. The grounds for such a departure are based on Section 4A1.3 of the Guidelines Manual concerning the adequacy of the defendant's criminal history category. The defendant's criminal history category substantially under-represents the seriousness of his criminal history <u>or</u> the likelihood that the defendant will commit other crimes.

Specifically, the defendant has an extensive history relative to repeated threats to presidents and presidential candidates of the United States. The PSR reveals that the defendant has made more than twenty (20) separate threats. He is classified as a Level III - unconfined threat to the President – which is the highest threat level to be attained according to the Secret Service. Threats toward political figures include the following: Presidents Clinton, Reagan, George W. Bush, and George Bush as well as candidates Dan Quayle and Al Gore.

The defendant has been detained since March 21, 2005. The advisory Sentencing Guideline range is 0-6 months. The defendant has a total adjusted offense level of 6 with a criminal history category I. The Court is contemplating a minimal upward departure under Section 4A1.3 because the advisory sentencing range of 0-6 months is unreasonable in light of the defendant's extensive

history of threats toward presidents and presidential candidates.  In addition, a minimal upward departure will better enable the defendant to transition into life outside the prison walls.

If either party needs additional time to research and address this contemplated upward departure, the sentencing hearing can be postponed and rescheduled to a later date.  If the parties need additional time and a postponement of the hearing, please inform chambers by Friday November 25, 2005.  If no response is received from either party, the Court will assume the parties wish to proceed with the sentencing hearing as scheduled on Monday, November 28, 2005.

IT IS SO ORDERED.

Dated this 22nd day of November, 2005.

Daniel L. Hovland, Chief Judge
United States District Court